# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEERAV DUDHWALA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>CHOICE HOTELS INTERNATIONAL SERVICES CORPORATION D/B/A CHOICE HOTELS, and JOHN DOES I-X (being a number yet undetermined and being persons or corporations, whose identities are unknown),<br><br>    *Defendants*. | CIVIL ACTION<br>NO. 2:22-cv-00873-ES-MAH<br><br>**Motion Day: April 18, 2022** |

## DEFENDANT CHOICE HOTELS INTERNATIONAL SERVICES CORP.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**BALLARD SPAHR LLP**

Louis L. Chodoff (No. 037281988)
chodoffl@ballardspahr.com
Monica T. Nugent (No. 238252017)
nugentm@ballardspahr.com
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ  08054
Telephone:  (856) 761-3400

*Attorneys for Defendant Choice Hotels International Services Corp.*

## **TABLE OF CONTENTS**

**Page**

I. PLAINTIFF MISCONSTRUES THE PREVAILING LAW ON GENERAL AND SPECIFIC JURISDICTION ............................................................................................... 2

    A. General Jurisdiction Does Not Apply Because Defendant is Not "At Home" In New Jersey and Its Limited Operations in New Jersey Do Not Meet the "Exceptional Case" Standard ................................................................................. 2

    B. Defendant Is Not Subject to Specific Jurisdiction Because Plaintiff's Claim of Marital Discrimination Does Not Arise Out of or Relate to Defendant's Limited Activities in New Jersey ....................................................... 5

II. NOTWITHSTANDING ANY TYPOGRAPHICAL ERRORS IN HIS COMPLAINT, PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION ................................................................................................. 7

    A. Plaintiff's Complaint Fails to State a Claim for Marital Discrimination Under the NJLAD ................................................................................................. 8

    B. Plaintiff Ignores Well Established Case Law in This Jurisdiction That Holds the NJLAD Does Not Apply to Individuals Who Are Not Employed in New Jersey ........................................................................................................ 9

III. PLAINTIFF'S CHOICE-OF-LAW ANALYSIS IS INACCURATE, AS A PROPER AND COMPREHENSIVE CHOICE-OF-LAW ANALYSIS SUPPORTS THE APPLICATION OF MARYLAND LAW ........................................... 9

    A. Plaintiff's Choice of Law Analysis is Inaccurate and Outdated, as Courts in this State Utilize the "Most Significant Relationship" Test for Choice of Law Disputes Arising Out of Tort ......................................................................... 10

        1. An Actual Conflict Exists Between the New Jersey Law Against Discrimination, the Maryland Fair Employment Practices Act, and Montgomery County Code ..................................................................... 10

        2. Choice of Law Principles Weigh in Favor of Applying Maryland Law to Plaintiff's Claim of Employment Discrimination .......................... 11

    B. More Favorable Remedies are Not a Proper Justification for Bringing Plaintiff's Claims Under New Jersey Law When Plaintiff Has Effectively Acknowledged His Claims Must Be Brought Under Maryland Law ................... 13

IV. CONCLUSION ............................................................................................................ 14

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Barth v. Walt Disney Parks & Resorts U.S., Inc.*,
  697 F. App'x. 119 (3d Cir. 2017) ................................................................................3

*Bell v. City of Phila.*,
  275 Fed. Appx. 157 (3d Cir. 2008) ..............................................................................4

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017)..............................................................................................2, 4

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
  137 S. Ct. 1773 (2017)..............................................................................................5, 7

*CardioNet, Inc. v. Medi-Lynx Cardiac Monitoring, LLC*,
  Civil Action No. 15-8592 (MAS) (TJB), 2016 U.S. Dist. LEXIS 111386
  (D.N.J. Aug. 22, 2016)..................................................................................................4

*Carr v. New Jersey*,
  Civil Action No. 09-913 (WJM), 2010 U.S. Dist. LEXIS 59987 (D.N.J. June
  17, 2010) .......................................................................................................................8

*Chavez v. Dole Food Co.*,
  796 F.3d 261 (3d Cir. 2015), vacated on other grounds, 836 F.3d 205 (3d. Cir.
  2016) (en banc) .............................................................................................................4

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014).....................................................................................................4

*Display Works, LLC v. Bartley*,
  182 F. Supp. 3d 166 (D.N.J. 2016) ...............................................................................4

*Donovan v. W. R. Berkley Corp.*,
  Civil Action No. 3:21-cv-03707-FLW-LHG, 2021 U.S. Dist. LEXIS 194903
  (D.N.J. Oct. 8, 2021)........................................................................................10, 11, 12

*Drayage Express, LLC v. Int'l First Serv. United States*,
  Civil Action No. 3:15-cv-03597 (FLW)(LHG), 2017 U.S. Dist. LEXIS 47999
  (D.N.J. Mar. 29, 2017)...................................................................................................3

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
  623 F.3d 147 (3d Cir. 2010).........................................................................................3

*Lebegern v. Forman*,
    471 F.3d 424 (3d Cir. 2006) .................................................................................................10

*Malik v. Cabot Oil & Gas Corp.*,
    710 F. App'x 561 (3d Cir. 2017) ........................................................................................2, 3

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007) ..................................................................................................5

*In re Metformin Mktg. & Sales Practice Litig.*,
    Civil Action No. 20-2324, 2022 U.S. Dist. LEXIS 59804 (D.N.J. Mar. 30,
    2022) .....................................................................................................................................6

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ............................................................................................................13

*Schuchardt v. President of the U.S.*,
    839 F.3d 336 (3d Cir. 2016) ..................................................................................................6

*Simko v. U.S. Steel Corp*,
    992 F.3d 198 (3d Cir. 2021) ..................................................................................................6

*Smith v. Resort Condos. Int'l, Inc.*,
    No. 07-437 (HAA), 2008 U.S. Dist. LEXIS 130051 (D.N.J. July 17, 2008) .........................13

*Valenti v. Marriott Int'l, Inc.*,
    No. 10-0758, 2011 U.S. Dist. LEXIS 24254 (D.N.J. Mar. 10, 2011) ....................................13

**State Cases**

*In re Accutane Litig.*,
    194 A.3d 503 (N.J. 2018) ....................................................................................................11

*Calabotta v. Phibro Animal Health Corp.*,
    213 A.3d 210 (Super. Ct. App. Div. 2019) ..........................................................................10

*Fairfax Fin. Holdings Ltd. v. S.A.C. Capital Mgmt.*,
    LLC, 160 A.3d 44 (Super. Ct. App. Div. 2017) .............................................................10, 11

*P.V. ex rel. T.V. v. Camp Jaycee*,
    962 A.2d 453, 459 (N.J. 2008) ..................................................................................10, 11, 12

**State Statutes**

Md. Code Ann., Lab. & Empl. §§ 20-101 *et seq*. .......................................................................11

Md. Code Ann., State Gov't § 20-1202 .......................................................................................12

**Local Statutes**

M.C.C. 27-1(b)...................................................................................................................13

**Rules**

Fed. R. Civ. P. 12(b)(6).........................................................................................................8

**Other Authorities**

Restatement (Second) of Conflicts of Laws (1971).......................................................10

Restatement (Second) of Conflicts of Laws § 6 (1971)................................................12

Restatement (Second) of Conflicts of Laws § 145 (1971).......................................11, 12

Restatement (Second) of Conflicts of Laws § 146 (1971)............................................11

On March 29, 2022, Plaintiff Neerav Dudhwala ("Plaintiff") filed a Charge of Discrimination with the Maryland Commission for Civil Rights.[1] *See* Exhibit A, Charge of Discrimination. In this Charge, Plaintiff asserts the same cause of action that he claims to have asserted in this lawsuit, namely that Defendant Choice Hotels International Services Corp. (improperly pled as Choice Hotels International Services Corporation d/b/a Choice Hotels) ("Defendant") discriminated against him on the basis of his marital status. Just six days later, Plaintiff filed his Brief in Opposition ("Opposition") to Defendant's Motion to Dismiss, contradictorily arguing that New Jersey law "should apply in full to this case." (Pl.'s Opp'n. 23; ECF No. 11.) Despite his duty of candor, Plaintiff failed to inform the Court of this Maryland administrative charge filing in his Opposition.[2] In any event, and notwithstanding whatever *post hoc* rationale Plaintiff now belatedly asserts for filing the Maryland administrative charge, its filing is an unequivocal admission by Plaintiff that Maryland, and not New Jersey, is the proper forum to litigate his employment discrimination claim against Defendant.

In his Opposition to Defendant's Motion to Dismiss, Plaintiff improperly introduces and invents "facts" outside the four corners of his Complaint, attaches an improper certification, misidentifies the actions of Defendant's parent company as Defendant's own, and patently ignores and misconstrues the prevailing law in this jurisdiction on a variety of issues. Tellingly, Plaintiff's Opposition exposes the real motivation behind his attempts to salvage his claims under New Jersey

---

[1] Defendant first received notice of Plaintiff's Charge of Discrimination on April 7, 2022.

[2] Plaintiff's counsel electronically filed a letter on the afternoon of April 8, 2022, advising the Court of Plaintiff's administrative charge filed with the Maryland Commission for Civil Rights. (Plf.'s Letter, ECF No. 12.) It should be noted that this letter was filed only after the undersigned counsel arranged for a virtual meeting with Plaintiff's counsel during the morning of April 8, 2022, to discuss the administrative filing in Maryland. At this meeting, the undersigned counsel inquired as to why Plaintiff's counsel had not notified the Court of the administrative filing in Plaintiff's Opposition.

1

law: a transparent desire to avail himself of what Plaintiff labels the "substantially better" remedies available to prevailing plaintiffs under New Jersey's employment discrimination laws. This Court should not countenance such blatant forum shopping.

For the reasons set forth below and in its initial brief, Defendant respectfully submits this Reply Brief in Support of its Motion to Dismiss Plaintiff's Complaint (the "Motion"), and requests that the Court grant its Motion and dismiss Plaintiff's Complaint with prejudice.

**I.     PLAINTIFF MISCONSTRUES THE PREVAILING LAW ON GENERAL AND SPECIFIC JURISDICTION**

Plaintiff argues that Defendant is subject to personal jurisdiction in New Jersey through both general jurisdiction and specific jurisdiction. In so arguing, Plaintiff ignores the plain facts about Defendant and its operations, concocts other facts with no foundation in the Complaint or elsewhere, and misconstrues the prevailing law on jurisdiction as it applies to Defendant.

> **A.     General Jurisdiction Does Not Apply Because Defendant is Not "At Home" In New Jersey and Its Limited Operations in New Jersey Do Not Meet the "Exceptional Case" Standard**

As clearly articulated in Defendant's Motion, a court has general jurisdiction over a corporation when its affiliations with the forum state "are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014)). Typically, a corporation is "at home" in the forum state only if it is incorporated or it maintains a principal place of business there. *Id.* Otherwise, a court may exercise general jurisdiction only in an "exceptional case." *BNSF*, 137 S. Ct. at 1558 (citing *Daimler*, 134 S. Ct. at 761 n.19); *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (explaining that "it is incredibly difficult to establish general jurisdiction over a corporation in a forum other than the place of incorporation or principal place

of business," and finding no general jurisdiction where a "national corporation and interstate energy company" merely had "operations in New Jersey" (internal quotations omitted)).

As acknowledged by Plaintiff, Defendant is neither incorporated nor has its principal place of business in New Jersey. (Compl. ¶ 1; Pl.'s Opp'n. 1, 19.) Instead, Plaintiff erroneously argues that Defendant falls into the "incredibly difficult to establish" and equally rare "exceptional case," where a corporation's affiliations with a forum are "so substantial and of such nature as to render the corporation at home." *See Malik*, 710 F. App'x at 564.

For example, Plaintiff claims that Defendant is "licensed to do business in New Jersey and maintains numerous hotels, employs numerous workers working at those hotels, and presumably maintains New Jersey bank accounts and files state taxes here," and that these "facts" warrant a finding of general jurisdiction under the "exceptional case" analysis.[3] (Pl.'s Opp'n. 13.) As an initial matter, Defendant does not "maintain" any hotels in New Jersey, let alone "numerous" ones as falsely alleged by Plaintiff. Rather, Defendant is a subsidiary of Choice Hotels International, Inc., which is a hospitality franchisor that licenses its brands to independently owned and operated hotel owners. Moreover, even if these claims were true, these activities are certainly not sufficient to constitute an "exceptional case" supporting general jurisdiction. Notwithstanding the fact that the majority of these allegations are baseless, Plaintiff's introduction of these allegations at this

---

[3] Plaintiff requests that, to the extent the Court doubts Defendant's general contacts with New Jersey or specific contacts related to the instant dispute, the Court permit Plaintiff to conduct limited jurisdictional discovery. This request is the proverbial "fishing expedition." A plaintiff may not undertake a fishing expedition, based only upon bare allegations, under the guise of jurisdictional discovery. *Drayage Express, LLC v. Int'l First Serv. United States*, Civil Action No. 3:15-cv-03597 (FLW)(LHG), 2017 U.S. Dist. LEXIS 47999, at *20 (D.N.J. Mar. 29, 2017) (quoting *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010)). As amply demonstrated in its principal and reply briefs, no amount of discovery will change the fact that Plaintiff cannot satisfy the requirements to establish either general or specific jurisdiction over Defendant in New Jersey. *Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 F. App'x. 119, 120 (3d Cir. 2017) (affirming denial of request for jurisdictional discovery where "jurisdictional discovery would have been futile.").

juncture is wholly improper. A party may not amend its pleadings through arguments or facts alleged in opposition to a motion to dismiss. *CardioNet, Inc. v. Medi-Lynx Cardiac Monitoring, LLC*, Civil Action No. 15-8592 (MAS) (TJB), 2016 U.S. Dist. LEXIS 111386, at *9 (D.N.J. Aug. 22, 2016); *see also Bell v. City of Phila.*, 275 Fed. Appx. 157, 160 (3d Cir. 2008) (noting that a plaintiff cannot amend the complaint through briefing).

Indeed, courts have rejected the exercise of general personal jurisdiction over defendants with more substantive operations in a forum state than the claimed operations of Defendant in New Jersey. *See*, *e.g., BNSF*, 137 S. Ct. at 1559 (no general jurisdiction even though defendant "ha[d] over 2,000 miles of railroad track and more than 2,000 employees" in the forum state); *Daimler*, 571 U.S. at 122-23 (no general jurisdiction despite regional office, other offices, and dominant position in local market in forum); *see also Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173-79 (D.N.J. 2016) (finding no exceptional circumstances where the defendant corporation had several employees in New Jersey, generated some revenue there, participated in trade shows there, and was registered to do business and receive service of process there). Furthermore, Plaintiff's Complaint certainly does not suggest that Defendant is "any more active" in New Jersey than it is in other states. *Chavez v. Dole Food Co.*, 796 F.3d 261, 270 (3d Cir. 2015) (finding no general jurisdiction), vacated on other grounds, 836 F.3d 205, 223 (3d. Cir. 2016) (en banc).

In further support of this flawed argument, Plaintiff argues that Defendant has "availed itself" of federal and state courts in New Jersey, and for that reason, it should be subject to general jurisdiction. Not surprisingly, Plaintiff has not cited to any case law for the proposition that prior litigation in a forum supports a finding of an "exceptional case" warranting the exercise of general jurisdiction. In any event, Plaintiff's allegations that Defendant has previously availed itself of courts in this jurisdiction is patently inaccurate. All of the actions cited by Plaintiff involve

Defendant's parent company, Choice Hotels International, Inc., and not Defendant, the entity that was Plaintiff's employer. (Def.'s Rule 7.1 Corporate Disclosure, ECF No. 4.)

As such, Plaintiff's arguments relating to general jurisdiction are demonstrably incorrect, and this Court should find that it has no general jurisdiction over Defendant.

> **B.     Defendant Is Not Subject to Specific Jurisdiction Because Plaintiff's Claim of Marital Discrimination Does Not Arise Out of or Relate to Defendant's Limited Activities in New Jersey**

A court may exercise specific jurisdiction only where there is "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017). Courts traditionally analyze specific jurisdiction using a three-part test: (1) "the defendant must have purposefully directed his activities at the forum[;]" (2) "the plaintiff's claim must arise out of or relate to at least one of those specific activities[;]" and (3) "the assertion of jurisdiction otherwise comports with fair play and substantial justice." *Marten v. Godwin,* 499 F.3d 290, 296 (3d Cir. 2007) (citations omitted).

The crux of Plaintiff's argument appears to be that, "where a non-resident defendant establishes an office in the forum state, has employees who conduct business out of that office and pays employees for their work in that state[,]" then that non-resident defendant is "subject to the specific personal jurisdiction of that state." (Pl.'s Opp'n. 17.) Although, again, Plaintiff cites to no case law in support of that claim, he nonetheless argues that such unsubstantiated activities subject Defendant to specific jurisdiction in New Jersey.

Again, it must be noted that Plaintiff improperly introduces factual allegations and documents throughout his Opposition that were not originally plead and/or attached to his Complaint in a futile attempt to argue Defendant is subject to specific jurisdiction in New Jersey.

5

At the motion to dismiss stage, the Court will only consider "the four corners of the complaint," documents integral to the complaint, and "any undisputedly authentic document that a defendant attaches…if the plaintiff's claims are based on the document." *Simko v. U.S. Steel Corp*, 992 F.3d 198, 228 n.1 (3d Cir. 2021); *In re Metformin Mktg. & Sales Practice Litig.*, Civil Action No. 20-2324, 2022 U.S. Dist. LEXIS 59804, at *55 (D.N.J. Mar. 30, 2022) (citing *Schuchardt v. President of the U.S.*, 839 F.3d 336, 353 (3d Cir. 2016) (internal quotations omitted).

Without a shred of factual support, Plaintiff alleges in his Opposition that Defendant "maintain(s) offices and numerous hotels in the State of New Jersey[,]" has "a number of employees in New Jersey who work out of the state's 'Home Office' in Trenton, and these employees would hold meetings, trainings and conduct business out of its New Jersey Home Office[.]" (Pl.'s Opp'n. 15.) None of these allegations was pled in Plaintiff's Complaint, and all of these allegations are false. Defendant does not have any physical offices in New Jersey. Rather, the "Home Office" that Plaintiff references is merely an internal payroll designation for those field and/or remote employees of Defendant who reside in New Jersey. The address listed for the "Home Office" is Trenton, New Jersey, because that is the state capitol and home to the New Jersey Department of the Treasury, Division of Taxation. Accordingly, Defendant does not have any employees who "conduct business out of that office."[4]

Plaintiff's arguments regarding the work he performed in New Jersey also misconstrue the nature of specific jurisdiction. To the extent Plaintiff conducted any work from his residence in

---

[4] Plaintiff is again attempting to create issues for the Court to order limited discovery on the issue of jurisdiction; however, such arguments are a red herring. Even if Defendant did have a physical office location in New Jersey in which employees conducted business, such would not give the Court specific jurisdiction over this matter, as none of those contacts relates to Plaintiff's claim that he was discriminated against because of his marital status.

DMFIRM #402797564 v1

Rockaway, New Jersey, Plaintiff was only doing so because of the extenuating circumstances of the COVID-19 pandemic, as well as the fact that Plaintiff had refused to comply with his obligation to relocate to Rockville, Maryland. Moreover, any claimed work Plaintiff conducted in New Jersey is irrelevant because none of it was connected to the underlying claims of marital discrimination alleged in this action.

Plaintiff's attempt to focus the issue of specific jurisdiction on Defendant's activities in New Jersey is merely an attempt to distract this Court from the real analysis: that Plaintiff's claim of marital status discrimination as alleged in his Complaint has no connection to New Jersey, let alone "arise[s] out of or relate[s] to" any claimed business Defendant allegedly conducts in New Jersey. Rather, Plaintiff was allegedly terminated from a Maryland-based position, by his Maryland-based employer, by employees of Defendant working in Maryland (and/or at least not working in New Jersey), allegedly because he would not move his family to Maryland. There is simply no legally sufficient connection between Plaintiff's alleged claims of discrimination and Defendant's alleged activities in New Jersey. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781.

## II. NOTWITHSTANDING ANY TYPOGRAPHICAL ERRORS IN HIS COMPLAINT, PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION

Plaintiff discounts the serious deficiencies with his claims under the New Jersey Law Against Discrimination ("NJLAD"), as identified in Defendant's Motion, as the simple result of minor typographical errors confusing "familial status" with "marital status," referring to Defendant's arguments in this regard as being "specious." However, Plaintiff's deflection of his own pleading failures in an attempt to rescue his deficient NJLAD claim ring hollow, as more fully explained below.

7

### A. Plaintiff's Complaint Fails to State a Claim for Marital Discrimination Under the NJLAD

Even assuming Plaintiff's claim is one of marital status discrimination, as opposed to familial status discrimination as actually alleged in the Complaint, Plaintiff still has failed to state a claim upon which relief may be granted. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff seeking relief under the NJLAD must plead that he is a member of a protected class and must also plead a nexus between that protected status and the alleged discriminatory employment action. *Carr v. New Jersey*, Civil Action No. 09-913 (WJM), 2010 U.S. Dist. LEXIS 59987, at *17 (D.N.J. June 17, 2010) (dismissing national origin discrimination claim where plaintiff did not plead any details regarding the link between his national origin and the alleged discriminatory act).

As an initial matter, Plaintiff's Complaint does not even allege that he was married or otherwise state that he was a member of a protected class at the time of the alleged discrimination. The allegations in Plaintiff's Complaint only speak of Plaintiff having a "family." It is not until Plaintiff's Opposition that he mentions being married.

Moreover, Plaintiff's Complaint does not contain any specific allegation that Defendant would not have engaged in the alleged conduct but for his marital status. Plaintiff has not alleged that the company's employment practices varied in their applicability to married employees versus unmarried employees, *i.e.*, he has not pled that any similarly situated unmarried employees were treated more favorably. As such, Plaintiff's Complaint fails to state a claim upon which relief may be granted under the NJLAD.

  **B.** **Plaintiff Ignores Well Established Case Law in This Jurisdiction That Holds the NJLAD Does Not Apply to Individuals Who Are Not Employed in New Jersey**

Plaintiff's Opposition completely ignores the long line of cases cited in Defendant's Motion that demonstrate New Jersey courts' consistent dismissal of NJLAD claims where the plaintiff was not employed in New Jersey. (Def.'s Mot. Dismiss 11-12, ECF No. 6.) In failing to address the prevailing law in this jurisdiction, Plaintiff has effectively conceded that he is not entitled to the protections of the NJLAD.

In fact, Plaintiff's Complaint does not establish that he was employed in New Jersey. The entire basis of Plaintiff's claim is that he was required to relocate to Maryland as a condition of his offer of employment with Defendant. Plaintiff's attempts to cure this issue in his Opposition by mischaracterizing a series of facts about Defendant's operations in New Jersey, which were not previously introduced in Plaintiff's Complaint, in order to establish some connection between his employment and the State of New Jersey, are simply unavailing.

Plaintiff's claim of discrimination is premised upon the fact that he did not move his "family" to Maryland, not because of any alleged work he performed in New Jersey. Accordingly, the well-established case law in this jurisdiction holds that the NJLAD only applies to individuals employed in New Jersey.

**III.** **PLAINTIFF'S CHOICE-OF-LAW ANALYSIS IS INACCURATE, AS A PROPER AND COMPREHENSIVE CHOICE-OF-LAW ANALYSIS SUPPORTS THE APPLICATION OF MARYLAND LAW**

Despite filing an administrative charge with the Maryland Commission for Civil Rights on March 29, 2022, Plaintiff continues to argue that New Jersey law must apply to this matter under the "governmental interests" test because (1) Plaintiff was a New Jersey resident and domiciliary at the time of the alleged discrimination and (2) Maryland law provides an "inadequate" remedy in this case. Plaintiff's arguments on both fronts are unavailing.

      **A.**      **Plaintiff's Choice of Law Analysis is Inaccurate and Outdated, as Courts in this State Utilize the "Most Significant Relationship" Test for Choice of Law Disputes Arising Out of Tort**

In order to determine whether New Jersey or Maryland law applies to Plaintiff's claim of employment discrimination against his former Maryland-based employer, the Court may consider choice-of-law principles adopted by the New Jersey Supreme Court, including relevant portions of the Restatement (Second) of Conflicts of Laws (1971). (the "Second Restatement"). *Donovan v. W. R. Berkley Corp.*, Civil Action No. 3:21-cv-03707-FLW-LHG, 2021 U.S. Dist. LEXIS 194903, at *22-23 (D.N.J. Oct. 8, 2021) (citing *Calabotta v. Phibro Animal Health Corp.*, 213 A.3d 210, 219-220 (Super. Ct. App. Div. 2019)).

Plaintiff bases his choice-of-law argument on a 1986 decision issued by the New Jersey Supreme Court that has not been the law of this jurisdiction since 2008. New Jersey no longer applies the "governmental interest" test in conducting a choice-of-law analysis for tort-based cases. In 2008, the New Jersey Supreme Court decided the matter of *P.V. ex rel. T.V. v. Camp Jaycee* and, in doing so, altered the state's choice-of-law framework for tort-based matters by adopting the "most significant relationship" test set forth in the Second Restatement. 962 A.2d 453, 459 (N.J. 2008). Under the "most significant relationship" test, it is clear that Maryland law applies to this matter.

      *1.*  *An Actual Conflict Exists Between the New Jersey Law Against Discrimination, the Maryland Fair Employment Practices Act, and Montgomery County Code*

When New Jersey is the forum state, its choice-of-law rules control. *Fairfax Fin. Holdings Ltd. v. S.A.C. Capital Mgmt.*, LLC, 160 A.3d 44, 64 (Super. Ct. App. Div. 2017). Procedurally, the first step in a choice-of-law analysis is to determine whether an actual conflict exists. *See Lebegern v. Forman*, 471 F.3d 424, 430 (3d Cir. 2006). This occurs by examining the potentially applicable laws to determine whether there is a distinction between them. *Id.* "A conflict of law

10

arises when the application of one or another state's law may alter the outcome of the case[.]" *In re Accutane Litig.*, 194 A.3d 503, 517 (N.J. 2018) (internal quotation omitted); *see also Fairfax*, 160 A.3d at 69.

Here, an actual conflict exists between and among the potentially applicable bodies of law: the NJLAD, the Maryland Fair Employment Practices Act, Md. Code Ann., Lab. & Empl. §§ 20-101 *et seq*. ("FEPA"), and, more specifically, the Montgomery County Code, M.C.C. § 27–1 *et seq*. Although both states' laws provide for relief for an individual who has been subjected to unlawful employment practices based upon certain enumerated protected characteristics, there are substantive differences between the laws that would result in differing outcomes when applied to Plaintiff's present claim. (Pl.'s Opp'n. 21-22.). As such, an actual conflict exists, and the choice-of-law principles outlined in the Second Restatement must be applied to Plaintiff's claim.

> 2. *Choice of Law Principles Weigh in Favor of Applying Maryland Law to Plaintiff's Claim of Employment Discrimination*

If an actual conflict exists, then New Jersey courts apply the choice-of-law principles described in the Second Restatement; particularly, "the most significant relationship" test as outlined under Sections 6, 145, and 146. *Donovan*, 2021 U.S. Dist. LEXIS 194903, at *14-15 (internal citations omitted); *see also Accutane*, 194 A.3d at 517; *Camp Jaycee*, 962 A.2d at 453.

Section 146 of the Second Restatement provides that "the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship." *Donovan*, 2021 U.S. Dist. LEXIS 194903, at *23 (quoting Restatement § 146). Under Section 145, the "[c]ontacts to be taken into account" when assessing the most significant relationship include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (d) the domicil [sic], residence, nationality, place of incorporation and place of business of the parties, and (d) the

11

place where the relationship, if any, between the parties is centered." *Donovan*, 2021 U.S. Dist. LEXIS 194903, at *23 (quoting Restatement § 145(2)). The principles under Section 6 of the Second Restatement, "reduced to their essence," are: "(1) the interests of interstate comity; (2) the interests of the parties; (3) the interests underlying the field of tort law; (4) the interests of judicial administration; and (5) the competing interests of the states." *Donovan*, 2021 U.S. Dist. LEXIS 194903, at *23 (citing *Camp Jaycee*, 962 A.2d at 453).

Applying these factors to the present action, Plaintiff's claim of discrimination is most significantly related to Maryland. Here, the alleged discriminatory conduct causing Plaintiff's alleged injuries occurred in Maryland. (Compl. ¶¶ 8-22). Recognizing this fact, Plaintiff does not allege that any discriminatory acts occurred in New Jersey. Moreover, Plaintiff agreed to relocate to Maryland when he accepted Defendant's offer of employment, as the same was a condition of his employment with the company. (Compl. ¶ 7). The work Plaintiff performed for Defendant was not centered around or connected to the State of New Jersey. (Compl. ¶ 4). It is undisputed that Defendant is incorporated in Delaware and is headquartered in Rockville, Maryland. There can be no question that the relationship between Plaintiff and Defendant is centered on Rockville, Maryland. The entire basis for Plaintiff's Complaint stems from Defendant's requirement that Plaintiff permanently relocate to Maryland as a condition of his employment. Recognizing these overwhelming facts, Plaintiff recently filed a charge of discrimination with the Maryland Commission for Civil Rights.

Moreover, the interests of judicial administration strongly suggest that the Maryland FEPA and the Montgomery County Code should be applied to this claim. The Maryland legislature has explicitly incorporated Montgomery County's specific anti-discrimination provisions into the state code. *See* Md. Code Ann., State Gov't § 20-1202. The Montgomery County Council has created

prohibitions that are substantially similar, but not necessarily identical, to prohibitions in federal and state law, with the stated intent being "to assure that a complaint filed under this article may proceed more promptly than possible under either federal or state law."  M.C.C. 27-1(b).  The interest in judicial economy, as recognized by Montgomery County, is of critical importance to this analysis.

For these reasons – and because none of the alleged discriminatory conduct arose out of, or is remotely connected to, the State of New Jersey – application of the aforesaid choice of law principles weigh in favor of applying the Maryland FEPA and Montgomery County Code to Plaintiff's claim.

> **B.** **More Favorable Remedies are Not a Proper Justification for Bringing Plaintiff's Claims Under New Jersey Law When Plaintiff Has Effectively Acknowledged His Claims Must Be Brought Under Maryland Law**

Plaintiff claims that Maryland law "provides an inadequate remedy in this case."  In support of this argument, Plaintiff merely contends, "the New Jersey remedies available to Plaintiff for violation of his employments [sic] are far superior to those that might be available under Maryland law" and, for this reason, he should be permitted to pursue his claims under New Jersey law.  The fact that Maryland law may provide for lesser damages does not mean that the remedy is "inadequate."  *Smith v. Resort Condos. Int'l, Inc.*, No. 07-437 (HAA), 2008 U.S. Dist. LEXIS 130051, at *6 (D.N.J. July 17, 2008) ("a remedy is not inadequate merely because it is less favorable to the plaintiff than the remedy available in his or her chosen forum"); *see also Valenti v. Marriott Int'l, Inc.*, No. 10-0758, 2011 U.S. Dist. LEXIS 24254, at *8-9 (D.N.J. Mar. 10, 2011); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981).

Setting aside the sheer audacity of such an argument, Plaintiff's Charge of Discrimination filed with the Maryland Commission for Civil Rights on March 29, 2022 is a tacit admission that

13

Maryland law, in fact, applies to his claims. It is disingenuous for Plaintiff to now argue in his Opposition that New Jersey law applies to his claims when Plaintiff knows that Maryland law is actually the proper, applicable body of law.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant its Motion in its favor.

Respectfully submitted,

*s/Louis L. Chodoff*
Louis L. Chodoff (No. 037281988)
Monica T. Nugent (No. 238252017)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ  08054
Telephone:  (856) 761-3400

*Attorneys for Defendant Choice Hotels International Services Corp.*

Date:  April 11, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEERAV DUDHWALA, : | |
| : | |
| *Plaintiff*, : | |
| : | |
| v. : | |
| : | |
| CHOICE HOTELS INTERNATIONAL : | CIVIL ACTION |
| SERVICES CORPORATION D/B/A CHOICE : | NO. 2:22-cv-00873-ES-MAH |
| HOTELS, and JOHN DOES I-X (being a number : | |
| yet undetermined and being persons or : | |
| corporations, whose identities are unknown), : | |
| : | |
| *Defendants*. : | |
| : | |

## **CERTIFICATE OF SERVICE**

I, Monica T. Nugent, hereby certify that on this date, I caused a true and correct copy of the foregoing Reply Brief in Support of Defendant Choice Hotels International Services Corp.'s Motion to Dismiss Plaintiff's Complaint to be served on the following counsel for Plaintiff via ECF filing:

Fred Shahrooz Scampato, Esq.
Law Offices of Shahrooz Scampato, P.C.
445 East Broad Street
Westfield, NJ 07090

Leslie A. Farber, Esq.
Leslie A. Farber, LLC
8 Hillside Avenue, Suite 103
Montclair, NJ 07042
*Attorneys for Plaintiff, Neerav Dudhwala*

Date: April 11, 2022

*s/Monica T. Nugent*
Monica T. Nugent

15